IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JESUS RIVERA,**

        **Plaintiff,**

v.   Case No.: 22-4921

**ANDREW S. TOKAJER,** *et al.*

        **Defendants.**

## NOTICE OF REMOVAL

The United States of America, the Federal Bureau of Investigation, Christopher A. Wray, Andrew S. Tokajer, and Alex Chan hereby give notice of the removal, under 28 U.S.C. §§ 1442(a) and 2679(d)(2), of Case No. 2021-CA-003267, styled in the same matter as set forth above, from the Circuit Court of the First Judicial Circuit in and for Escambia County, State of Florida. The grounds for this removal are as follows:

1.    The Federal Bureau of Investigation ("FBI"), Christopher A. Wray, Andrew S. Tokajer, and Alex Chan are named as defendants in the above-captioned civil action. As detailed below, the United States

has been substituted as a defendant in the action under 28 U.S.C. § 2679(d)(2).

2. The Federal Bureau of Investigation is in the Department of Justice, which is an executive department of the United States. 28 U.S.C. §§ 501, 530; *see* Complaint ¶ 14. The FBI is an agency of the United States entitled to remove this case to federal court under 28 U.S.C. § 1442(a)(1).

3. Under federal law, sovereign immunity bars plaintiff Rivera's claims for damages and equitable relief against the FBI. Removal under Section 1442(a)(1) is proper in order to adjudicate the defense of federal sovereign immunity. *City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1310-11 (11th Cir. 2003).

4. Christopher A. Wray is the Director of the Federal Bureau of Investigation. Mr. Chan is a Special Agent of the Federal Bureau of Investigation. Mr. Tokajer is a Special Deputy U.S. Marshal. These three defendants are federal officers or are otherwise persons entitled to remove this case to federal court under 28 U.S.C. § 1442(a)(1). Director Wray, Special Agent Chan, and Special Deputy Tokajer are sued for actions taken under the color of office or on account of their authority

under Acts of Congress for the apprehension or punishment of criminals. *See ibid.* Plaintiff Rivera alleges that on January 20, 2021, FBI Agents arrested him, searched his home, and seized property pursuant to a warrant. Complaint ¶¶ 33-38, 41, 42, 44-48, 50. He alleges among other things that this violated his rights under the Florida Constitution and that Special Agent Chan and Special Deputy Tokajer were, among other things, "in charge of the actions of the FBI agents on scene at Rivera's home." *Id.* ¶ 38. Plaintiff Rivera also alleges that FBI Director Wray "is directly and personally involved in the commission of the constitutional violations alleged herein as they pertain to" him. *Id.* ¶ 27.

    5.    Removal under Section 1442(a)(1) is proper because federal law provides defenses to plaintiff Rivera's claims against Director Wray, Special Agent Chan, and Special Deputy Tokajer. Sovereign immunity bars plaintiff Rivera's claims for equitable relief against these officials. *See, e.g., Miami Herald Media Co. v. Florida Dep't of Transp.*, 345 F. Supp. 3d 1349, 1370 (N.D. Fla. 2018). Federal law also bars plaintiff Rivera's claims against these officials in their individual capacity for acts or omissions in the scope of federal office or employment. With

3

exceptions not relevant here, Congress has provided in 28 U.S.C. § 2679(b) that the exclusive remedy for the negligent or wrongful act or omission of an employee of the United States acting in the scope of office or employment shall be an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (2012) ("FTCA"). Section 2679(b) thereby confers on federal officers and employees absolute immunity from personal suit. *Osborn v. Haley*, 549 U.S. 225, 229 (2007).

6. Removal is also proper under 28 U.S.C. § 2679(d)(2). Congress provided in Section 2679(d)(2) that upon certification by the Attorney General that an employee of the government acted in the scope of office or employment at the time of the incident out of which the plaintiff's claim arose, any civil action or proceeding commenced upon that claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. The civil action or proceeding shall then be deemed to be an action or proceeding against the United States under the FTCA, and the United States shall be substituted as the

party defendant. "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." *Ibid.*

7.  The Attorney General has delegated authority to certify scope of office or employment under § 2679(d) to the United States Attorneys and to the Directors of the Torts Branch of the Department of Justice Civil Division. 28 C.F.R. § 15.4(a). Filed with this Notice of Removal is a Certification by an Acting Director of the Torts Branch of the Civil Division that defendants Wray, Chan, and Tokajer were acting in the scope of office or employment at the time of incident out of which plaintiff Rivera's claims arose. Accordingly, this action is deemed an action against the United States, and it is therefore removed under 28 U.S.C. § 2679(d)(2).

8.  The removal to this Court is timely. Removal under Section 1442(a)(1) is timely under 28 U.S.C. § 1446(b) because one of the defendants was served with a copy of the summons and complaint on March 22, 2022, and 30 days have not expired since receipt by the defendants of a copy of the initial pleading setting forth the claim for

relief upon which this proceeding is based. Removal under Section 2679(d)(2) is timely because no trial has been had in the action.

9. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the defendants are attached to this Notice of Removal.

WHEREFORE, this action is hereby removed under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2), and the United States is substituted as a defendant under Section 2679(d)(2).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Paul C. Quast*
PAUL C. QUAST
CO Bar #49154
Trial Attorney
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division
Department of Justice

>175 N Street, NE, Room 7118
>Washington, D.C. 20002
>(202) 616-4150
>paul.c.quast@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April 2022, the foregoing Notice of Removal and attachments were served on the following by placing a copy of the same in the United States Mail, properly addressed, First-Class postage prepaid: Larry Klayman, Esq., Freedom Watch, Inc., 7050 W. Palmetto Park Rd, Boca Raton, FL, 33433.

*/s/ Paul C. Quast*
PAUL C. QUAST
CO Bar #49154
Trial Attorney
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division
Department of Justice
175 N Street, NE, Room 7118
Washington, D.C. 20002
(202) 616-4150
paul.c.quast@usdoj.gov