IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JESUS RIVERA,**

              **Plaintiff,**

v.                                  Case No.: 22-4921-MCR-ZCB

**ANDREW S. TOKAJER,** *et al.*

              **Defendants.**

---

## MOTION TO STAY SCHEDULING ORDER DEADLINES AND MEMORANDUM OF LAW

Under 28 U.S.C. § 517 and Department of Justice Manual § 4-5.410, Paul Quast, Trial Attorney with the Civil Division of the United States Department of Justice, appears for the limited purpose of submitting this motion to stay all deadlines in the Court's Initial Scheduling Order. Dkt. 20. Under Local Rule 7.1(B), counsel has sought concurrence from Plaintiff's counsel, who stated that Plaintiff Rivera opposes the motion.

### MEMORANDUM OF LAW

Plaintiff Jesus Rivera instituted this case in a Florida state court against the Federal Bureau of Investigation (FBI), Christopher A.

Wray, the FBI Director, FBI Special Agent Alex Chan, and Special Deputy U.S. Marshal Andrew S. Tokajer in their individual and official capacities. Rivera sought damages and equitable relief for alleged violations of the Florida State Constitution. The United States substituted itself as a party defendant under 28 U.S.C. § 2679(d)(2), and the defendants removed the case to this Court under section 2679(d)(2) and 28 U.S.C. § 1442(a) and moved to dismiss.

On June 24, 2022, Rivera filed an amended complaint naming Director Wray, Special Agent Chan, and Special Deputy Marshal Tokajer as defendants in their individual capacity under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 18, First Amended Complaint ¶¶ 8–11, 74–98 ("FAC"). The amended complaint seeks to bring the individual defendants back into the case after they had previously been substituted out by operation of 28 U.S.C. § 2679(d)(2). *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) ("Upon certification," under section 2679(d), "the employee is dismissed from the action and the United States is substituted as defendant.").

As federal employees sued in their individual capacity for actions within the scope of their duties, Director Wray, Special Agent Chan, and Special Deputy Marshal Tokajer may qualify for representation by the United States Department of Justice under 28 C.F.R. § 50.15. The process for determining whether a federal official is entitled to Department of Justice representation requires several steps including review by the employee's agency, review by the Civil Division of the Department of Justice, and finally the decision to accept Department of Justice representation by the employee. *See* 28 C.F.R. §§ 50.15(a)(1)–(12). That process is currently under way and is anticipated to be completed in time for the defendants' response to the First Amended Complaint. After an extension of time, the defendants' motion to dismiss is currently due on August 22, 2022. Dkt. 23.

On June 27, 2022, this Court issued an initial scheduling order, Dkt. 20, which set certain deadlines related to discovery and other pretrial matters. Under the order, a joint Rule 26(f) report is currently due to the Court on August 10, 2022. Dkt 20 at 2. For the reasons explained below, the initial scheduling order's deadlines are appropriately stayed in the context of this case.

## ARGUMENT

District courts possess the inherent power to stay proceedings to preserve judicial resources and to minimize burdens on the parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005). In addition, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court has held that the "basic thrust" of qualified immunity provides protection from pretrial proceedings. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also, e.g., Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). "One of the purposes of immunity, absolute or qualified," the Court has emphasized, "is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1990). The Supreme Court has also emphasized that when qualified immunity is at stake "the trial court must exercise its discretion in a way that protects

4

the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *see also Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). And the Eleventh Circuit has held that an "order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also inconsistent with" its precedent in *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445 (11th Cir. 1996), "and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017).

Under these principles, a stay of all deadlines in the initial scheduling order pending resolution of the defendants' upcoming dispositive motion is appropriate for three reasons.

First, the requested stay is warranted, if not compelled, under the precedents discussed above to "protect[ ] the substance of the qualified immunity defense." *Crawford-El*, 523 U.S. at 597. The Eleventh Circuit's decision in *Howe* specifically disapproves of an "order requiring

5

the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses" available to public officials. 861 F.3d at 1302. Although the defendants have not yet moved to dismiss on qualified-immunity grounds, that is only because Rivera recently amended his complaint to add *Bivens* claims. The legal principles announced in *Crawford-El*, *Howe*, and other controlling precedents cited above fully apply and warrant staying the scheduling order deadlines.

    Second, a stay would promote judicial economy, conserve the parties' time and resources, and serve the interests of justice. The defendants' dismissal motion is likely to dispose of the entire action. It appears from the First Amended Complaint and the record as a whole that the Court lacks subject matter jurisdiction over this case. It also appears from the operative complaint that Plaintiff Rivera lacks a cause of action under *Bivens*, *cf. Egbert v. Boule*, 142 S. Ct. 1793 (2022), and that the defendants are indeed entitled to qualified immunity. A stay of the deadlines in the initial scheduling order would therefore ensure that resources are not needlessly wasted. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss

based on failure to state a claim for relief, should, however, be resolved before discovery begins."); *id.* (discussing burdens of discovery on the parties and judicial system); *see also Moore*, 141 F. App'x at 808 (holding that district court did not abuse discretion by staying discovery "pending the resolution of the motions to dismiss").

Third, the representation process in this case is ongoing and Department of Justice representation has not yet been authorized for the defendants in their individual capacity. The need for individual capacity representation arose only after Rivera amended his complaint to add *Bivens* claims in response to the United States' self-substitution on the state law claims and the Government's dismissal motion. Staying the deadlines in the initial scheduling order will allow for the representation process to conclude and for counsel to appear on behalf of the defendants in their individual capacity.

## CONCLUSION

The Court is requested to stay all deadlines in the Initial Scheduling Order, Dkt. 20, until the resolution of the defendants' motion to dismiss, which is due for filing on August 22, 2022.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Paul C. Quast*
PAUL C. QUAST
CO Bar #49154
Trial Attorney
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division
Department of Justice
175 N Street, NE, Room 7.1815
Washington, D.C. 20002
(202) 616-4150
paul.c.quast@usdoj.gov

## LOCAL RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that I have conferred with plaintiff's counsel regarding this motion, and plaintiff's counsel has stated he opposes the motion.

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that this memorandum contains 1195 words as determined by Microsoft Word's word count and complies with the word limit requirements set forth in Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above document was served upon the attorney of record for each other party by means of the District Clerk's CM/ECF electronic filing system on August 5, 2022.

*/s/ Paul C. Quast*
PAUL C. QUAST